[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After a hearing on defendant's motion to dismiss, the court makes the following finding of fact:
 1. S. Treffley Pelletier and Stephen T. Pelletier are one and the same person. Pelletier uses the names interchangeably.
 2. In 1998, Pelletier lived at 142 Brown Street, Hartford about one half of the year and at 398 North Fourth Street, Cocco Beach, Florida about one half of the year. In the month of July 1998, Pelletier spent the first week in Florida and the last three weeks of the month in Connecticut.
 3. On July 20, 1998, when abode services was made on Pelletier, 142 Brown Street, Hartford, Connecticut was his usual place of abode.
 4. 142 Brown Street, Hartford Connecticut is a single family house.
 5. Sheriff Charles J. Fisher, Jr. attempted at least six times to serve Pelletier in hand. When he went to 142 Brown Street on several occasions, lights were on but nobody would come to the door. Another time a car sped away from the house. When the sheriff caught up with it, the driver denied being Pelletier. The sheriff identified the driver as Pelletier in the court room.
 6. The sheriff effectuated abode service by attaching a copy of the writ, summons and complaint by rubber band to the door knob of the front door of 142 Brown Street. He testified this is the usual manner Sheriffs in Hartford County make abode service on a single family house.
 7. Pelletier is the settlor and trustee of United Capital 
Venture Trust and a proper person on whom to make service CT Page 15339 upon the trust.
 8. United Capital Venture Trust is the grantee in the quit claim deed by Pelletier of 612-614 Broad Street. Hartford, Connecticut, the property being foreclosed upon in this action. It is properly named in the writ, summon and complaint because the land records can be relied upon for the record owner of property. Variation from the actual name of this defendant, The United Capital and Venture Trust, is insignificant.
 9. Defendants received the writ, summon, and complaint in this action and had actual notice of its pending.
From these facts this court concludes that proper abode service was made, and defendants have failed to prove insufficiency of service, insufficiency of process and lack of personal jurisdiction over the defendants, as alleged in their motion to dismiss. Consequently, the motion to dismiss is denied.
Robert Satter State Judge Referee